IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT ANDREW THOMAS, | ) | 8:07CV401 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS MEDICAL | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on October 9, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his Complaint on October 9, 2007 against the Douglas County Department of Corrections Medical Department (the "DCC Medical Dept."). (Filing No. 1 at CM/ECF p. 2.)

Condensed and summarized, Plaintiff's allegations relate to his psychiatric care while incarcerated at the Douglas County Correctional Center (the "DCC"). Prior to his incarceration, Plaintiff was diagnosed with "Attention Deficit Hyperactive disorder, Social Anxiety disorder, Bi-Polar disorder, . . . as well as various learning disabilities." (*Id.* at CM/ECF p. 5.) Plaintiff was prescribed various medication to

treat his conditions. (*Id.*) After a pre-trial evaluation at the Lincoln Regional Center, Plaintiff was transferred to the DCC. He was given "paperwork" regarding his prescriptions and medical care upon release from the Lincoln Regional Center. (*Id.*) However, that paperwork was misplaced and between August 2006 and February 2007, Plaintiff was "held without [his] medication." (*Id.* at CM/ECF pp. 5-6.) This resulted in Plaintiff being placed on "suicide watch" and he was "forced" to enter a plea because he was unable to testify on his own behalf or otherwise assist at trial. (*Id.* at CM/ECF pp. 5-6.) Plaintiff was released from the DCC in February 2007 and received psychiatric care and prescription medication on his own. (*Id.* at CM/ECF p. 6.)

In July 2007, Plaintiff was again incarcerated in the DCC along with his "current-to-date medication," but his medication was placed in property and he was not permitted to take it. (*Id.*) Plaintiff alleges that a state court judge ordered the DCC to give Plaintiff the medication because "it was 'obvious [Plaintiff] was not competent for the proceedings.'" (*Id.*) Plaintiff was given some of his medication at that time, but not all and has had difficulty seeing a psychiatrist. (*Id.*)

Plaintiff seeks damages in the amount of $75,000.00 for his "permanent psychological damage" and seeks a ruling from the court "to stop this kind of abuse." (*Id.* at CM/ECF p. 7.)

### B.   Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C.     **Discussion of Claims**

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006).

"[S]ociety does not expect that prisoners will have unqualified access to health care. Therefore, 'deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-104).

Further, Plaintiff seeks relief against only one Defendant–the DCC Medical Dept., which the court liberally construes as a claim against Douglas County, Nebraska. A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges medical needs which may be serious. However, he does not allege that any prison officials knew of his needs, but deliberately disregarded them. Plaintiff also does not allege any municipal policy or custom which caused him injury. Indeed, Plaintiff does not allege *any* of the *Jane Doe* factors set forth above. Based on the allegations of the complaint, the court finds that Plaintiff has not alleged any cognizable claim against the DCC Medical Dept.

On its own motion, the court will permit Plaintiff an extension of time in which to amend his Complaint to clearly state a claim upon which relief can be granted against the DCC Medical Dept. or any individuals. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

## II.   APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel. (Filing No. 1.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.   Plaintiff shall have until **April 22, 2008** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant Douglas County Department of Corrections Medical Department or any other Defendant. In

the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **April 22, 2008** and dismiss if not filed.

4. Plaintiff's request for the appointment of counsel is denied without prejudice to reassertion.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

March 7, 2008.  BY THE COURT:

                                                             s/ Joseph F. Bataillon
                                                             Chief United States District Judge