IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT ANDREW THOMAS, | ) | 8:07CV401 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| EUGENE OLIVELTO, Dr., DENISE | ) | |
| GREEN, and JEFF NEWTON, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. In this Memorandum and Order, the court addresses Defendant Jeff Newton's ("Defendant Newton") failure to answer or otherwise respond to Plaintiff's Complaint, and also provides notice to the parties that the court will treat the pending Motion to Dismiss (filing no. 28), filed by Defendants Eugene Olivelto and Denise Green ("Defendants Olivelto and Green"), as a Motion for Summary Judgment.

### *I. Defendant Newton's Failure to Respond to Complaint*

    Defendant Newton received summons in this matter on November 17, 2009 (*see* filing no. 20), and has not responded to Plaintiff's Complaint. On its own motion, the court will give Defendant Newton until February 25, 2010, to answer or otherwise respond to Plaintiff's Complaint. Failure to do so may result in the entry of default judgment against him.

### *II. Notice to Parties Regarding Defendants' Motion to Dismiss*

    Defendants Olivelto and Green have filed a Motion to Dismiss (filing no. 28), a Brief in support of Motion to Dismiss (filing no. 29), and an Index in support of Motion to Dismiss (filing no. 30). Because Defendants Olivelto and Green have offered evidence outside the pleadings, this court is treating their Motion to Dismiss as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d), which states, "[i]f, on a motion under Rule 12(b)(6)[,] . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." In such instances, "all parties must be given a reasonable opportunity to present material that is pertinent to the

motion." Fed. R. Civ. P. 12(d). Accordingly, Plaintiff shall have until February 25, 2010, to respond to the Motion to Dismiss by presenting all material pertinent to the motion as allowed under Federal Rule of Civil Procedure 56.

IT IS THEREFORE ORDERED that:

1. Defendant Newton shall have until February 25, 2010, to answer or otherwise respond to Plaintiff's Complaint. Failure to do so may result in the entry of default judgment against him.

2. The Clerk of court is directed to mail copies of this Memorandum and Order to the Douglas County Attorney by regular first-class mail.

3. The Clerk of court is directed to set a pro se case management deadline using the following language: February 25, 2010: Defendant Newton's answer or response to Plaintiff's Complaint due.

4. Plaintiff shall have until February 25, 2010, to respond to Defendants' Motion to Dismiss by presenting all material pertinent to the motion as allowed under Federal Rule of Civil Procedure 56.

5. The Clerk of court is directed to set a pro se case management deadline using the following language: February 25, 2010: Plaintiff's response to Defendants' Motion to Dismiss due.

January 25, 2010  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.